■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES BLADES, Appellant.— Judgment, Supreme Court, New York County, rendered October 25, 1972, convicting the defendant, after a jury trial, of two counts of robbery (first degree) and burglary (second degree) and sentencing him to concurrent indeterminate terms with a maximum of 20 years in prison, affirmed. The evidence adduced at the trial proved beyond any doubt that the defendant was guilty of robbery and burglary. The proof was so substantial that the appellant does not challenge it on this appeal and neither does the dissent. However, the question of a possible invasion of the attorney-client privilege and its possible prejudicial effect upon the jury is raised. The defendant having altered the defense course during the trial from alibi to refusal to participate in the crime, his own counsel was prompted to inquire as to a prior conversation between them. The prosecutor then followed up and the court, after considering the question of whether the privilege had been waived, sustained the objection to the prosecutor's questioning and properly explained to the jury the basis for his ruling. If error there be, it was harmless, and a new trial is not warranted. Concur — Nunez, J. P., Kupferman, Tilzer and Moore, JJ.; Murphy, J., dissents in the following memorandum: I cannot vote to affirm this conviction because, in my view, defendant's guilt was not established beyond a reasonable doubt solely upon evidence properly adduced and " uninfluenced by irrelevant facts and circumstances which tend to prejudice or mislead the jury." (*People* v. *Posner*, 273 N. Y. 184, 190.) Defendant was convicted of robbing an occupied apartment with three accomplices. In the course of his opening state-ment defense counsel revealed that defendant would claim he was not a participant and support such contention with the testimony of two witnesses. When defendant testified, however, he admitted being present at the inception of the robbery, but asserted that he accompanied his " friends " only in the belief that their invitation to a party was genuine; and that he left (to protect his parole status) as soon as their true purpose became apparent. In order to mitigate the effect of this tactical change on the jury, defense counsel sought to elicit from the witness a prior inconsistent statement in which defendant had told the attorney he had not been at the scene of the crime. The trial court sustained an objection to this attempt by defense counsel to impeach his own witness. On cross-examination, the prosecutor availed himself of the opportunity thus presented to attempt to impeach defendant's testimony, and proceeded to question him at length as to whether or not he had told his present attorney that he " had an alibi to this crime." A series of questions of similar import followed, most of which were not definitively answered. The following incident is then disclosed by the record: " Q. [By the prosecutor] Did you tell anyone on the morning of the 22nd of March, 1972, that you were in [the victim's] apartment? A. I did not participate in that crime. Q. That they accused you of? A. No, I didn't. Q. Did you tell your attorney prior to Mr. Cohen [defense counsel], that is, did you mention to Milton Adler — Mr. Cohen.

I will object. Right now. I must state that that matter is privileged. The Court: What is the question? Mr. Heller: That on the 17th you were in the apartment of [the victim], and that you participated in the robbery, — Mr. Cohen: Objection. * * * The Court: What he told his lawyer is privileged." The Trial Judge then indicated some uncertainty as to whether the privilege had been previously waived. After an off-the-record side-bar discussion the court stated: " All right. Conversations between a client and his attorney are privileged. They have been claimed by the defense, by his attorney as privileged conversations with his client." The final sustaining of the objection to this highly improper question cannot, in my opinion, eradicate its obviously prejudicial effect on the jury. " The virus [once] implanted * * * is not so easily extracted." (People v. Levan, 295 N. Y. 26, 36.) Not only did the prosecutor attempt to undermine the attorney-client relationship, which has been held to be " perhaps as valuable as the privilege against self incrimination " (People v. Lynch, 23 N Y 2d 262, 271), he intimated personal knowledge of defendant's extrajudicial admission of guilt to his own attorney. (Cf. People v. Tassiello, 300 N. Y. 425.) In short, the question and inference was an " intrusion of the grossest kind upon the confidential relationship between the defendant and his counsel." (Hoffa v. United States, 385 U. S. 293, 306.) Certainly nothing in the question asked of defendant by defense counsel relating to what defendant had told him constituted a waiver of the privilege in connection with statements to a prior attorney. (Cf. People v. Shapiro, 308 N. Y. 453.) By reason of the foregoing, defendant was not accorded a fair trial. Accordingly, the judgment should be reversed and a new trial ordered.